**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA QUEZAMBRA, | No. 20-55643 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 8:19-cv-00927-JLS-JEM |
| UNITED DOMESTIC WORKERS OF AMERICA, AFSCME LOCAL 3930, a labor organization; ORANGE COUNTY, a political subdivision of the State of California; MALIA COHEN, in her official capacity as State Controller of the State of California; ROB BONTA, in his official capacity as Attorney General of California, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted July 5, 2023[**]

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Maria Quezambra appeals from the district court's dismissal of her 42 U.S.C. § 1983 action alleging that the unauthorized deduction of union dues from her state pay violated her First and Fourteenth Amendment rights under *Janus v. Am. Fed'n of State, Cnty. and Mun. Emps., Council 31*, ___U.S.___, 138 S. Ct. 2448 (2018). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Wright v. SEIU Loc. 503*, 48 F.4th 1112, 1118 n.3 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 749 (2023). We may affirm on any ground supported by the record. *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1106 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 783 (2023). We affirm.[1]

Quezambra lacked standing to raise First Amendment claims for prospective relief to prevent future unauthorized deductions of union dues. Allegations of past injury alone, without continuing adverse effects, will not support standing. *Wright*, 48 F.4th at 1120.

The district court properly dismissed the civil rights claims alleged against the union. The union was not a state actor when it notified the state to deduct dues, even if there was forgery in the union membership process. *Id.* at 1121; *Belgau v. Inslee*, 975 F.3d 940, 946-49 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2795 (2021).

The state officials, who were sued in their official capacity, are not persons

---

[1]This appeal has been held in abeyance since February 10, 2022, pending issuance of the mandate in No. 20-36076, *Zielinski v. SEIU, Local 503*, or further order of this court. The stay is lifted.

for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Quezambra cannot state civil rights damage claims against the state officials. *Id.*

To the extent she raised such a claim, Quezambra failed to state a Fourteenth Amendment procedural due process claim against the state officials and county because she did not allege that they intended to withhold unauthorized dues. *Ochoa*, 48 F.4th at 1110-11. An official's negligent act that causes "unintended loss of or injury to life, liberty, or property" does not state a due process claim. *Id.* at 1110 (internal quotation marks omitted). Thus, the government's "reliance on the union's representations in the mistaken belief that they were accurate does not rise to the level of a Due Process Clause violation." *Id.* at 1111. Moreover, Quezambra failed to allege facts to establish that a county policy or custom caused constitutional injuries. *See Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability under *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658 (1978)). In any event, "Janus imposes no affirmative duty on government entities to ensure that membership agreements and dues deductions are genuine." *Wright*, 48 F.4th at 1125.

**AFFIRMED.**